IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  Plaintiff,

  v.                    CR. No. 15-1286 JCH

GARY BEGAY,

  Defendant.

## MEMORANDUM OPINION AND ORDER

  This matter is before the Court on Defendant Gary Begay's pro se letter requesting the Court to reconsider his probation violation sentence (ECF No. 80.) Defendant requests to be released "on home confinement for the remainder of [his] sentence on a[n] ankle monitor." (Def.'s Mot.1, ECF No. 80.) He also requests a new probation officer when he is released, because he believes his assigned probation officer "has a personal motive to have [him] put back in jail." (*Id.* at 2.) The Government did not file a response to the letter and the time for doing so has passed. The Court, having considered the letter and the record, concludes that the request to reconsider his sentence and for a new probation officer assignment should be denied.

## BACKGROUND

  After pleading guilty to Count 2 of the Indictment, assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6), the Court, in a Judgment filed on December 12, 2017, sentenced Defendant to 108 months in prison followed by a three-year term of supervised release. (Judgment 1-3, ECF No. 47.) Thereafter, on November 12, 2024, U.S. Probation Officer Rachel Loya-Hobbs filed a Petition with the Court to issue a warrant for Defendant's arrest for the violating the terms of his supervised release. (*See* Petition 1, ECF No. 57). At the December 17,

2024, Final Revocation Hearing, Defendant admitted to the violation of failing to reside in a residential center for a term of up to 6 months, and the Court sentenced him to 7 months imprisonment followed by a 24-month term of supervised released. (*See* Clerk's Minutes 1, ECF No. 77; Judgment 1-3, ECF No. 78.)

On March 5, 2025, Defendant filed a pro se letter seeking reconsideration of his probation violation sentence. (Def.'s Mot. 1, ECF No. 80.) According to Defendant, he is at FCI Florence, "locked down in segregation and being disciplined because of the U.S. Marshals and BOP's mistake." (*Id.* at 1.) He asserts that he cannot be at the facility because of his case, prison is not helping and is causing him more harm, and he is "experiencing all the negative[]s again and only now it seems more difficult and stressful th[a]n before because" his "girlfriend and daughter are struggling and need" him. (*Id.*) If on home confinement instead, Defendant argues he could do his treatment classes online and be home to help his girlfriend and daughter. (*Id.* at 2.)

## **ANALYSIS**

Defendant does not assert any authority for his request to reconsider his sentence. The Court finds that the letter should be construed as a motion for compassionate release.

Generally, a federal court may not modify a term of imprisonment after it is imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010). Congress, however, has provided a limited exception to this general rule and allowed for certain compassionate release sentence modifications where the defendant shows, among other factors, that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). *See also United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (discussing three-step test when analyzing whether compassionate release is justified). The Court may grant a defendant's motion for a reduced sentence if the court finds that: (1) extraordinary and compelling reasons warrant a sentence

2

reduction; (2) the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the reduction is consistent with the district court's consideration of the 18 U.S.C. § 3553(a) factors. *Id.* District courts may deny compassionate release motions when any one of the three steps is lacking and do not need to address the others. *Id.* at 1043. Here, the grounds set forth in the letter do not constitute extraordinary and compelling reasons to warrant a sentence reduction. Furthermore, the Court finds no cause to assign a new probation officer, as requested by Mr. Begay.

**IT IS THEREFORE ORDERED** that Defendant's motion to reconsider his probation violation sentence (**ECF No. 80**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**